# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DANIEL POST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:18-cv-0132 |
| ) | Judge Aleta A. Trauger |
| BRYAN WHITE – TENNESSEE ) | |
| HIGHWAY PATROL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Plaintiff Daniel Post has filed a *pro se* civil rights Complaint in this court asserting violations of his constitutional rights. Because the plaintiff proceeds *in forma pauperis*, the court is required to conduct an initial review of the Complaint and to dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## I.     Factual Allegations

As grounds for filing suit, the plaintiff states that he has "been damaged by Bryan White," a trooper with the Tennessee Highway Patrol, in violation of his rights under the Fourth, Fifth, Seventh, Ninth, and Fourteenth Amendments to the United States Constitution. (Doc. No. 1, at 1.) The plaintiff does not actually explain in the Complaint what actions White took that violated the plaintiff's rights. Based on the documents attached as exhibits to the Complaint, the court understands that White issued the plaintiff traffic citations on January 17, 2017 for driving with an expired Texas license plate and then failing to provide proof of insurance. (*See* Doc. No. 1-4.) In August 2017, the plaintiff received a Notice of Proposed Suspension from the Tennessee

Department of Safety and Homeland Security. According to the Notice, the Department had been notified by the City Court of Lebanon, Tennessee that the plaintiff had failed to satisfy the citation for lack of proof of insurance issued to him in January 2017 and that his driver license, driving privileges, and privilege to obtain a license would be suspended effective 30 days from the date of the Notice if he failed to satisfy the citation within that 30 days. (Doc. No. 1-2, at 1.)

The plaintiff responded to the citation and the Notice of Proposed Suspension by sending letters and demands to Tennessee Secretary of State Tre Hargett, Judge James Flood, Tennessee Attorney General Herbert Slatery III, and Prosecutor Andy Wright, asserting that he is a sovereign citizen, that he does not use the public byways of the State of Tennessee for commercial purposes, and that the State does not have the authority to require him to provide proof of insurance or to suspend his driver license or right to drive. In his Complaint in this court, he contends that his "right to due process was not respected" and that he has exercised "due diligence in attempting to verify the State of Tennessee's . . . authority and subsequent jurisdiction over [him], to no avail." (Doc. No. 1, at 2.) For relief, the plaintiff demands that the defendant recognize his "inalienable right to freely travel and not confuse it with a privilege to drive," to "stop assuming" that he is a "U.S. citizen" when he is, instead, "a man"; and that the "agents of the corporate fiction of the State of Tennessee" stop the harassment of his body. (Doc. No. 1, at 3.)

## II.    Standard of Review

To determine whether a litigant's complaint "fails to state a claim on which relief may be granted" under § 1915(e)(2)(B), the court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s]

the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement'." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III.     Discussion

Although the plaintiff does not invoke 42 U.S.C. § 1983, that statute alone provides a private right of action for the violation of federal constitutional rights. The court liberally construes the *pro se* Complaint as asserting a claim under 42 U.S.C. § 1983. "To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)).

A Tennessee state trooper, acting in his individual capacity during the course and scope of his employment, acts under color of state law for purposes of a claim under § 1983. The question is whether the Complaint alleges facts suggesting that the defendant deprived the plaintiff of any right secured by the United States Constitution.

The answer to that question is no. The plaintiff does not allege that he was stopped without reasonable suspicion or arrested without probable cause. He does not contest the bases for the citation—that his Texas license plate was expired and that he did not have with him proof

of insurance. He does not allege that he was subjected to the use of excessive force. He does not allege that he was taken into custody or incarcerated or that he appeared in City Court to demand a jury trial. In short, the Complaint does not contain any allegations suggesting a violation of his constitutional rights by Trooper Bryan White, whether under the Fourth, Fifth, Seventh, Eighth, Ninth, Fourteenth or any other Amendment.

Insofar as the Complaint might be construed as asserting that the plaintiff's constitutional rights were violated because he is a sovereign citizen over whom the State of Tennessee lacks jurisdiction, he fails to state a colorable claim for which relief may be granted under § 1983 or any other law, against White or anyone else. The suggestion that the plaintiff's status as a so-called sovereign citizen (or "a man" (Doc. No. 1, at 3) or "a representative of the popular sovereignty" (Doc. No. 1-1, at 2)) insulates him from being issued a traffic citation is simply nonsense, as is the plaintiff's contention that a traffic citation is an "offer to contract." (Doc. No. 1-1, at 1.) Moreover, the plaintiff is simply incorrect in asserting that he was not a "driver" or "operator" of a "motor vehicle" because he was not transporting goods or persons and was not using his vehicle "in commerce" and, therefore, that the law requiring proof of insurance does not apply to him. (Doc. No. 1-1, at 2.) The relevant definitions are contained in the Tennessee Financial Responsibility Law of 1977, which defines "motor vehicle" as "every self-propelled vehicle that is designed for use upon the highway," Tenn. Code Ann. § 55-12-102(6), and defines "operator" as "every person who is in actual physical control of a motor vehicle whether or not licensed as an operator or chauffeur under the laws of this state." *Id.* § 55-12-102(10)(A).

The Complaint is therefore subject to dismissal with prejudice.[1]

---

[1] The court also notes that that the relief requested by the plaintiff is for prospective injunctive and equitable relief that is not within the power of White to grant and that the plaintiff has not named as defendants the individuals he claims are "harassing" him. Moreover, the

An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge

---

abstention doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971), requires the target of an ongoing state prosecution to raise any and all constitutional claims as defenses to that action and prevents the state court defendant from filing a collateral federal action raising the same claims. To the extent the plaintiff is the target of ongoing state prosecution in connection with the traffic citation, he must assert any constitutional bars to those charges in the state court, not here. On the other hand, if the plaintiff has already been convicted in state court on the basis of the traffic citations, and the conviction is final, not having been appealed, then any claims challenging that conviction on constitutional grounds in this court would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), so long as any award in the plaintiff's favor in this court would "necessarily imply" the invalidity of his conviction in state court. *Skinner v. Switzer*, 562 U.S. 521, 522 (2011) (citations omitted).